ORIGINAL

# In the United States Court of Federal Claims

No. 16-853M
Filed July 27, 2016
NOT FOR PUBLICATION

FILED
JUL 27 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JEFFREY NATHAN SCHIRRIPA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Respondent. ) | RCFC 27(a), Depositions to Perpetuate Testimony; *Pro Se*. |

*Jeffrey Nathan Schirripa*, Kinnelon, NJ, Petitioner *pro se*.

*Lauren S. Moore*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S PETITION TO PERPETUATE TESTIMONY**

GRIGGSBY, Judge

## I. INTRODUCTION

Petitioner, Jeffrey Nathan Schirripa, has filed a petition to perpetuate the testimony of United States Attorney General Loretta E. Lynch, pursuant to Rule 27 of the Rules of the United States Court of Federal Claims ("RCFC"). In the petition, petitioner seeks to conduct a deposition to perpetuate the testimony of the Attorney General to help substantiate a Fifth Amendment takings claim that petitioner anticipates bringing in this Court. For the reasons set forth below, the Court **DENIES** the petition.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

As background, petitioner filed his petition to conduct a deposition to perpetuate the testimony of the Attorney General on July 20, 2016. *See generally* Pet. In the petition, petitioner

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from petitioner's petition for a deposition to perpetuate testimony ("Pet.").

USPS TRACKING #   9114 9014 9645 0594 5520 16
& CUSTOMER               For Tracking or inquiries go to USPS.com
RECEIPT                  or call 1-800-222-1811.

represents that he anticipates commencing a Fifth Amendment takings action against the United States in this Court. *Id.* at 1-2.

In anticipation of bringing this claim, petitioner seeks to perpetuate the testimony of the Attorney General pursuant to RCFC 27(a). *Id.* at 1. Petitioner has attached to his petition a copy of written interrogatories that he seeks to send to the Attorney General. *Id.* at Attachment. Petitioner represents that a deposition to perpetuate the testimony of the Attorney General with respect to the matters addressed in these written interrogatories is "necessary to verify the substantial utility of [petitioner's] property and the [r]espondent's obligation to *'take/capture'* such property—thus establishing a valid claim for *just compensation*." *Id.* at 1 (emphasis in original). Petitioner further represents that his expected takings claim "can only be substantiated by [o]rdering the [r]espondent to answer the attached questions." *Id.*

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

As an initial matter, petitioner is proceeding in this matter *pro se* and without the benefit of counsel. Generally, the Court holds *pro se* pleadings to less stringent standards. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). Numerous district courts have applied this standard to *pro se* petitions filed pursuant to Rule 27. *See, e.g., In re Lopez*, No. 10-CV-01149-BNB, 2010 WL 2802541, at *1 (D. Colo. July 15, 2010) (construing a *pro se* petitioner's Rule 27 petition "liberally") (citing *Haines*, 404 U.S. at 520-21); *In re Fritz*, No. 98-41, 1998 WL 474127, at *1 (E.D. Pa. July 23, 1998) (construing a "*pro se* [Rule 27] petition liberally in accordance with *Haines v. Kerner*"). But, there "is no duty on the part of the trial court to create a claim which plaintiff has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, to prevail upon his petition here, petitioner must show that he is entitled to the relief that he seeks under Rule 27.

### B. Rule 27(a)

In this regard, Rule 27(a) of the Rules of the United States Court of Federal Claims ("RCFC") governs depositions to perpetuate testimony prior to the commencement of a civil action. RCFC 27(a) provides that a petitioner "may file a verified petition" to conduct a deposition to perpetuate testimony before an action is filed and that "[t]he petition must ask for an order

2

authorizing the petitioner to depose the named persons in order to perpetuate their testimony." RCFC 27(a)(1). The Rule further provides that the petition must show:

- (A) that the petitioner expects to be a party to an action cognizable in the court but cannot presently bring it or cause it to be brought;
- (B) the subject matter of the expected action and the petitioner's interest;
- (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
- (D) [not used]; and
- (E) the name, address, and expected substance of the testimony of each deponent.

RCFC 27(a)(1)(A)-(E). If a petitioner satisfies the aforementioned prerequisites, and the Court is "satisfied that perpetuating the testimony may prevent a failure or delay of justice," the Court must issue an order permitting the deposition. RCFC 27(a)(3).

The requirement in RCFC 27(a)(3) that the Court be satisfied that perpetuating the testimony may "prevent a failure or delay of justice" mirrors the requirement found in Rule 27(a)(3) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 27(a)(3). The United States Court of Appeals for the Federal Circuit and many other courts have interpreted this requirement within the context of Fed. R. Civ. P. 27(a) to mean that a petitioner must allege facts in the petition to show that a deposition prior to the commencement of litigation is necessary to prevent testimony from being lost. *See, e.g., VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (Rule 27 "allows for the perpetuation of testimony when facts suggest that such action may be necessary."); *see also Hibernia Nat'l. Bank v. Robinson*, Nos. 02-40895, 02-40373, 2003 WL 21108502, at *1 (5th Cir. Apr. 21, 2003) ("Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost . . . .") (citing *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975)); *In re Bay Cnty. Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999) ("There must, of course, be a reasonable showing of the need to perpetuate the testimony lest it be lost because of the commencement of litigation."); *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1373 (D.C. Cir. 1995) ("Rule 27(a) allows a party to take depositions prior to litigation if it . . . establishes a risk that testimony will be lost if not preserved.").

## IV. LEGAL ANALYSIS

A careful reading of the petition demonstrates that the Court must deny petitioner's request to conduct a deposition prior to the commencement of his civil action, because petitioner has not shown that the requested deposition is necessary to perpetuate testimony. In the petition, petitioner

does not allege any facts to show that the testimony or evidence that he seeks to obtain by deposing the Attorney General will be lost if not preserved prior to the commencement of his takings action. *See generally* Pet. Instead, petitioner simply states that the requested deposition is necessary to substantiate his takings claim. *Id.* at 2.

Courts have long recognized that the ability to conduct a deposition to perpetuate testimony pursuant to Rule 27 is not a substitute for discovery. *See Ash*, 512 F.2d at 912. Rather, Rule 27 is a tool that should only be available under special circumstances to preserve testimony which could otherwise be lost. *Id.* Petitioner has not demonstrated that such special circumstances are present here. Nor has he explained why the requested deposition could not be conducted during the regular course of discovery after the commencement of his takings claim. *See generally* Pet.

Petitioner's failure to provide any facts in the petition about why the testimony that he seeks will be lost absent conducting the requested deposition precludes the relief which he seeks. RCFC 27(a)(3); *Biddulph v. United States*, 239 F.R.D. 291, 292 (D.D.C. 2007). And so, the Court must deny the petition. *Kunimoto v. Lehman*, No. 96MS232, 1996 WL 622094, at *2 (D.D.C. Oct. 16, 1996) (denying a Rule 27(a) petition because petitioner "has indicated no facts that support the need for taking of the deposition testimony now").

## V.    CONCLUSION

In sum, petitioner provides no facts in his petition to demonstrate that conducting a deposition to perpetuate the testimony of the Attorney General prior to the commencement of his takings action may prevent a failure or delay of justice. RCFC 27(a)(3). And so, the Court must **DENY** the petition.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge