

ORIGINAL

# In the United States Court of Federal Claims

No. 16-853M
Filed August 4, 2016
NOT FOR PUBLICATION

**FILED**

AUG - 4 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| JEFFREY NATHAN SCHIRRIPA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | RCFC 59(a), Motion for Reconsideration. |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*Jeffrey Nathan Schirripa*, Kinnelon, NJ, Petitioner *pro se*.

*Lauren S. Moore*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

## MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

GRIGGSBY, Judge

### I. INTRODUCTION

On August 1, 2016, petitioner filed a motion requesting reconsideration of the Court's July 27, 2016 Memorandum Opinion and Order denying petitioner's petition to perpetuate the testimony of United States Attorney General Loretta E. Lynch, pursuant to Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **DENIES** petitioner's motion.

### II. BACKGROUND

As background, petitioner filed a petition to conduct a deposition to perpetuate the testimony of the Attorney General on July 20, 2016, in anticipation of filing a takings action in this Court. *See generally* Pet. On July 27, 2016, the Court issued a Memorandum Opinion and Order denying petitioner's petition upon the ground that petitioner has not established that the requested deposition was necessary to perpetuate testimony. *See generally* July 27, 2016 Memorandum Opinion and Order. On August 1, 2016, petitioner filed a motion requesting

USPS TRACKING #   **9114 9014 9645 0594 5525 11**
& CUSTOMER   For Tracking or inquiries go to USPS.com
RECEIPT   or call 1-800-222-1811.

reconsideration of the Court's July 27, 2016 Memorandum Opinion and Order, pursuant to RCFC 59(a)(1). *See generally* Pet. Mot. In the motion for reconsideration, petitioner argues that his petition to perpetuate testimony should have been granted, because the requested deposition is necessary to prevent fraud and further delay of justice. *Id.* at 1-3. Petitioner further argues that the Court incorrectly held in the July 27, 2016 Memorandum Opinion and Order that petitioner must show that the testimony he seeks to perpetuate would be lost absent conducting a deposition prior to the commencement of his takings action. *Id.*

## III.   LEGAL STANDARD

### A.   Rule 59

Motions for reconsideration are governed by RCFC 59. RCFC 59(a)(1) provides, in pertinent part, that:

> The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues–and to any party–as follows . . . upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). To prevail upon a motion for reconsideration "the movant must identify a manifest error of law, or mistake of fact." *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013) (internal citations omitted). Specifically, the moving party must show: "(a) an intervening change in the controlling law has occurred since the original decision; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice." *Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016) (citing *Bishop v. United States*, 26 Cl.Ct. 281, 286 (1992)).

Motions for reconsideration are "not intended to give an unhappy litigant an additional chance to sway the court." *Id.* (internal citations omitted). In addition, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). And so, granting such relief requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) *cert. denied*, 546 U.S. 826 (2005) (citation omitted).

## IV.   LEGAL ANALYSIS

Petitioner has not established that he is entitled to reconsideration of the Court's July 27, 2016 Memorandum Opinion and Order denying his petition to perpetuate testimony. And so, for the reasons discussed below, the Court denies petitioner's motion.

To obtain relief under RCFC 59(a)(1), petitioner must show either: "(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." *Johnson*, 126 Fed. Cl. at 560. Petitioner makes no such showing here. *See generally* Pet. Mot. Rather, in his motion for reconsideration, petitioner restates the arguments that he raised in his petition to perpetuate testimony. *Compare Id.* at 1-3, *with* Pet. at 1-2. Petitioner also does not cite to any intervening change in the law, or to any evidence that was previously unavailable at the time that the Court denied his petition. *See generally* Pet. Mot. In addition, while petitioner argues that the rules of this Court "do not require [him] to show that the testimony will be lost without the granting of a petition under RCFC 27," he provides no support for this proposition. *Id.* at 4.

Petitioner similarly has not demonstrated any extraordinary circumstances that would result in manifest injustice if his motion for reconsideration is not granted. *See generally* Pet. Mot.; *see also Caldwell*, 391 F.3d at 1235 (to be granted relief pursuant to RCFC 59(a) requires "a showing of extraordinary circumstances"). Petitioner argues that a deposition to perpetuate the testimony of the Attorney General "is absolutely necessary" to support his anticipated takings claim. Pet. Mot. at 3. But, he fails to explain why he could not conduct this deposition during the ordinary course of discovery once his takings claim has been filed. *Id.*

In sum, petitioner presents no new arguments or facts in his motion for reconsideration. *See generally* Pet. Mot. It is well established that motions for reconsideration "may not be used simply as an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected." *Brock v. United States*, No. 11-176 C, 2016 WL 3619328, at *4 (Fed. Cl. June 23, 2016) (internal citations omitted). Given this, petitioner has simply failed to demonstrate that he is entitled to relief under RCFC 59(a)(1). While the Court is cognizant of petitioner's *pro se* status, such status does not relieve petitioner of the obligation to show that he is entitled to the relief that he seeks pursuant to the Court's Rules. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held

3

to "less stringent standards than formal pleadings drafted by lawyers"); *but see Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (there "is no duty on the part of the trial court to create a claim which plaintiff has not spelled out in his pleading"). And so, the Court must deny petitioner's motion for reconsideration.

## V.      CONCLUSION

In sum, petitioner has not met his burden to show that he is entitled to reconsideration of the Court's July 27, 2016 Memorandum Opinion and Order. And so, the Court **DENIES** petitioner's motion.

**IT IS SO ORDERED.**


_____
LYDIA KAY GRIGGSBY
Judge